IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE HOLSAPPLE | § | PLAINTIFF |
| | § | |
| | § | |
| | § | |
| v. | § | Civil No. 1:25cv53-HSO-RPM |
| | § | |
| | § | |
| | § | |
| BP EXPLORATION & PRODUCTION | § | |
| INC., et al. | § | DEFENDANTS |

**ORDER DISMISSING PLAINTIFF STEPHANIE HOLSAPPLE'S
CLAIMS WITHOUT PREJUDICE**

In this action arising out of the *Deepwater Horizon* oil spill, Plaintiff

Stephanie Holsapple, who is now deceased, advanced claims against Defendants BP

America Production Co., BP Exploration and Production, Inc., Halliburton Energy

Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and

Transocean Offshore Deepwater Drilling, Inc.  Because no motion to substitute was

made within 90 days of service of the statement noting Plaintiff's death, the Court

finds that Plaintiff's claims should be dismissed without prejudice under Federal

Rule of Civil Procedure 25(a)(1).

I. BACKGROUND

On June 13, 2024, Plaintiff Stephanie Holsapple ("Plaintiff") filed a

Complaint [1] advancing claims against Defendants BP America Production Co., BP

Exploration and Production, Inc., Halliburton Energy Services, Inc., Transocean

Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater

Drilling, Inc. (collectively, "Defendants"), arising out of the *Deepwater Horizon* oil spill.  This case is set for trial on the Court's October 2026 trial calendar.  *See* Order [82].  But on June 11, 2025, Plaintiff's counsel filed a Suggestion of Death [79], indicating that Plaintiff had died on December 4, 2024.  *See* Doc. [79] at 1-2.

The Magistrate Judge ordered Plaintiff's counsel to serve the Suggestion of Death on Plaintiff's successor or representative in accordance with Federal Rule of Civil Procedure 4, *see* Order [90] at 2, which has proved difficult, *see, e.g.,* Resp. [93]. The Magistrate Judge ultimately extended the deadline for service until January 12, 2026.  *See* Order [95] at 3.  Plaintiff's counsel has now presented evidence that he served Plaintiff's widower, Gregory Holsapple ("Mr. Holsapple"), with the Suggestion of Death [79] via mail, and that Mr. Holsapple signed the return receipt on January 16, 2026.  *See* Doc. [96]; Doc. [97].

## II.  DISCUSSION

A.    Relevant Legal Authority

Rule 25(a)(1) provides that,

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  The statement noting death must be served on nonparties as provided in Rule 4.  *See* Fed. R. Civ. P. 25(a)(3).

Service is permitted within a judicial district of the United States by:

(1)   following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2)   doing any of the following:

  (A)   delivering a copy of the summons and of the complaint to the individual personally;

  (B)   leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

  (C)   delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Mississippi Rule of Civil Procedure 4 permits service by process server, sheriff, mail, certified mail, or publication, depending upon the circumstances. *See* Miss. R. Civ. P. 4(c).   Service is permitted upon an individual by mailing it to the person to be served, postage prepaid, and if no acknowledgement of service is received within 20 days of service, service may be made in any other manner permitted by the Rule. *See* Miss. R. Civ. P. 4(c)(3)(A)-(B).

B.   Analysis

According to Plaintiff's counsel's submissions, Mr. Holsapple is Plaintiff's representative or successor, and he has been served with a copy of the Suggestion of Death. *See* Doc. [96]; Doc. [97].   Mr. Holsapple executed the return receipt on January 16, 2026, acknowledging service. *See* Ex. [97-1] at 2.   More than 90 days has passed since service was completed, and because no motion for substitution has been made, Plaintiff's "action . . . must be dismissed."  Fed. R. Civ. P. 25(a)(1).

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Stephanie Holsapple's claims against all Defendants are **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 17th day of April, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE